# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRIE LUSTER, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JRE FINANCIAL, LLC d/b/a )<br>AAA COMMUNITY FINANCE, )<br>)<br>Defendant. ) | No. 21-698 |

## NOTICE OF REMOVAL

Defendant, JRE Financial, LLC d/b/a AAA Community Finance ("JRE Financial"), removes the above-captioned action from the Circuit Court for the Third Judicial Circuit, Madison County, Illinois to this Court, under the Class Action Fairness Act of 2005 ("CAFA"), as set forth in 28 U.S.C. §§ 1332(d), 1441, 1446, & 1453(b), on the following grounds:

1. On May 27, 2021, JRE Financial was served with the Complaint in this action. There are no other defendants. A copy of the Complaint is attached as Exhibit 1.

2. This Notice of Removal has been filed within 30 days of the date of service on JRE Financial.

3. Plaintiff alleges in the Complaint that JRE Financial "is a Missouri limited liability company with its principal place of business in Bethalto, Illinois." (Complaint, ¶ 5.) Pursuant to CAFA, the citizenship of a limited liability company is determined by its state of organization and

the state of its principal place of business. 28 U.S.C. § 1332(d)(10). Plaintiff's alleges that she is a resident of Missouri. (Complaint, ¶ 4.)

4. The Complaint in general alleges that JRE Financial's actions of issuing loans to consumers violates Illinois law in that the loans carry interest rates substantially higher than the maximum interest rates allowed by Illinois law. (Complaint, ¶ 1.) Plaintiff appears to assert that she and putative, absent class members were charged improper interest. (Complaint, ¶¶ 47, 61).

5. The Complaint seeks certification of a class and a subclass defined as follows (with certain exclusions):

Class
All persons: (a) to whom AAA made a loan of money in a principal amount not exceeding $40,000; (b) during the Class Period; and (c) charged, contracted for, or received an interest rate that exceeded the rates permitted by the Consumer Installment Loan Act, 205 ILCS 670/1 et seq., the Payday Loan Reform Act, 815 ILCS 122/1-1 et seq., the Predatory Loan Prevention Act, 815 ILCS 123/1-1 et seq., or the Illinois Interest Act, 815 ILCS 205/1 et seq.

Subclass
All persons: (a) to whom AAA made a "small consumer loan" as defined by 205 ILCS 670/15; (b) during the Class Period; and (c) charged, contracted for, or received an annual percentage rate on the loan that exceeded the rate permitted by 205 ILCS 670/1 et seq.

The Complaint asserts a class period that is within the statute of limitations for the action and extending until a Class is certified.[1] (Complaint, ¶ 25.)

6. According to JRE Financial's records it issued approximately 10,000 consumer loans in the 3 year period prior to the complaint being filed. Thus, a putative class includes more than 100 individual consumers.

---

[1] The statute of limitations for an alleged violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, as alleged in Count III, is three years. See 815 ILCS 505/10a(e).

7.     According to JRE Financial's records, it collected approximately $6,000,000 in interest payments in the three years prior to the complaint being filed.  Moreover, Plaintiff seeks, among other relief, restitution and disgorgement of these amounts.  (Complaint, ¶ 73, Prayer for Relief (d).)  Plaintiff also seeks punitive damages under the Illinois Consumer Fraud and Deceptive Business Practice Act, as well as reasonable attorney's fees and equitable relief. (Complaint, ¶¶ 38, 47, 63-64, Prayer for Relief.)  These alleged damages can be used in calculating the amount in controversy.  Thus, the amount in controversy based on the purported damages alleged in the Complaint exceeds $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d).

8.     The Complaint does not define or allege the citizenship of the putative members of the proposed class.  On information and belief, class members are citizens of states other than Illinois or Missouri.  In particular, given that the class is "all persons" who received a loan from the Defendant and the extended time frame and number of loans involved, it is certain that at least one member of the proposed class is currently a citizen of a state other than Illinois or Missouri.  On information and belief, Defendant is aware of at least 3 individuals, D.P., M.O., and S.C., who: (1) affirmed that they were residents of Missouri when they applied for a consumer loan with Defendant within the 3 years prior to the filing of this lawsuit, (2) received a loan from Defendant within that 3 year period, and (3) subsequently informed Defendant or provided information to Defendant that they had moved to another state.[2]  CAFA only requires that "any

---

[2] Defendant's records show that: D.P. provided information regarding a Tennessee address; M.D. provided information regarding an Oklahoma address; and S.C. provided a Washington address. Defendant is prepared to provide additional information on each individual if necessary, in a manner which ensures the confidentiality of the information.

37484-1

member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

9. Because (i) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, (ii) the putative class consists of more than 100 potential class members, and (iii) there is minimal diversity among the parties, this Court has jurisdiction under 28 U.S.C. § 1332(d).

10. Defendant is not aware of any other class action being filed against it relating to the claims raised in the Complaint. *See* 28 U.S.C. § 1332(d)(3)(F).

11. Because this action was originally filed in Madison County, Illinois this action is removed to the United States District Court for the Southern District of Illinois. *See* 28 U.S.C. § 1441(a).

12. Attached as Exhibit 2 are copies of all process, pleadings and other documents served to date in this action.

13. A copy of this Notice of Removal is being contemporaneously filed with the Circuit Court of Madison County, instructing that no further proceedings shall be had unless and until such time as this matter may be remanded from this Court.

14. JRE Financial disputes the merits of Plaintiff's claims and submits the information in this Notice of Removal solely for determination of the factors for removal. No admission of fact, allegation, claim, or wrongdoing is intended by this Notice of Removal, and JRE Financial expressly reserves all defenses and motions otherwise available to it.

15. JRE Financial expressly reserves the right to submit additional evidence in support of the Notice of Removal, including as may be necessary to address and/or refute any contentions set forth in a motion to remand.

37484-1

WHEREFORE, JRE Financial request that this Court assume full jurisdiction over the cause herein as provided by law and that further proceedings in the Circuit Court of Madison County, Illinois be stayed.

                                                  JRE FINANCIAL, LLC d/b/a
                                                  AAA COMMUNITY FINANCE, Defendant

BY:            /s/   Ann C. Barron
      HEYL, ROYSTER, VOELKER & ALLEN, P.C.
      Ann C. Barron, ARDC #6224429
      Brittany P. Warren, ARDC #6325934

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
105 West Vandalia Street
Mark Twain Plaza III, Suite 100
Edwardsville, IL 62025
Telephone 618.656.4646
Facsimile 309.420.0402
PRIMARY E-MAIL: edwecf@heylroyster.com
SECONDARY E-MAIL #1: abarron@heylroyster.com
SECONDARY E-MAIL #2: bwarren@heylroyster.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this **24th** day of **June, 2021**, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served to the following individuals via electronic service to the e-mail address of record designated by these individuals.

Kevin P. Green
Mark C. Goldenberg
Thomas P. Rosenfeld
Zachary T. Shelton
Goldenberg, Heller & Antognoli, P.C.
2227 S. State Route 157
Edwardsville, IL  62025
kevin@ghalaw.com
mark@ghalaw.com
tom@ghalaw.com
zachary@ghalaw.com
***Attorneys for Plaintiff***

                                                                            /s/     Ann C. Barron