### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TERRIE LUSTER, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 3:21-cv-000698-MAB |
| JRE FINANCIAL, LLC d/b/a AAA COMMUNITY FINANCE, | ) ) ) ) | |
| Defendant. | ) ) ) | |

### JURISDICTIONAL MEMORANDUM
### PURSUANT TO THE COURT'S ORDER OF AUGUST 4, 2021

Defendant, JRE FINANCIAL, LLC d/b/a AAA COMMUNITY FINANCE ("JRE Financial"), by and through its counsel, submits this Jurisdictional Memorandum Pursuant to the Court's Order of August 4, 2021, and states as follows:[1]

### JURISDICTION UNDER CAFA

On June 24, 2021, JRE Financial removed this matter to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), as permitted through 28 U.S.C. §§ 1441, 1446, and 1453(b). Pursuant to CAFA, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which: (A) Any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). *Id.* The statute defines "class members" as "the persons (named or unnamed) who fall within the

---

[1] This Memorandum is filed without waiver of JRE Financial's Motion to Dismiss and/or Motion to Stay and Compel Arbitration [Doc 13].

definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D). Thus, "CAFA permits removal of a proposed class action to federal court as long as there is minimal diversity, meaning just one member of the plaintiff class needs to be a citizen of a state different from any one defendant." *Dancel v. Groupon, Inc.*, 940 F.3d 381, 383 (7th Cir. 2019). Stated another way, to establish diversity, a defendant need only show that there is at least one person in the putative class the plaintiff seeks to represent who has a citizenship different than the defendant. *Id.*

## PLEADING REQUIREMENTS FOR A NOTICE OF REMOVAL

A defendant removing a case to federal court under 28 U.S.C. §1446 is required to "file in the district court a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. §1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, 135 S.Ct. 547, 190 L. Ed. 2d 495 (2014) (considering the amount in controversy requirement under CAFA). Accordingly, courts apply the same "liberal" pleading requirements for other matters to removal allegations. *Id.* A "statement 'short and plain' need not contain evidentiary submissions." *Id.*, 574 U.S. at 83 (internal citations omitted) (considering the amount in controversy pleading requirement under CAFA). *See also Betzner v. Boeing Co.*, 910 F.3d 1010, 1015 (7th Cir. 2018) (stating that the holding in *Dart* is not limited to CAFA's amount in controversy pleading requirement).

## CAFA JURISDICTION EXISTS

Here, Plaintiff's Complaint seeks to assert a class action against JRE Financial for "all persons" who obtained loans from JRE Financial.[2] JRE Financial is a limited liability company organized under the laws of the State of Missouri. (*See* Declaration of Ryan Bartlett, attached hereto as Exhibit 1.) JRE Financial is licensed to conduct an internet consumer installment lender loan business pursuant to Mo. Rev. Stat. 408.510. Id. For purposes of its Notice of Removal, JRE Financial stated that it was a citizen of Missouri and Illinois as alleged by Plaintiff. *See* 28 U.S.C. § 1332(d)(10) ("[f]or purposes of this subsection . . . an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized"). JRE Financial also has an employee in Florida. Thus, for minimal diversity under CAFA, just one putative class member need be from a state other than Missouri or Illinois (or Florida).

JRE Financial in its Notice of Removal provided a short and plain statement about the citizenship of three putative class members outside of the states of Missouri, Illinois and Florida. Based on JRE Financial's records, these individuals were like Plaintiff - each of those individuals received a consumer loan in an amount under $500 from JRE Financial at an interest rate over 100% as documented in an Installment Loan Agreement & Truth-In-Lending Act Disclosure in the three years before the lawsuit was filed. (Compare Complaint ¶2 and Exhibit 1 thereto with Exhibit 1, ¶¶ 8-9 hereto.) At the time of the loan, each individual provided a Missouri address. Subsequent to that time and before the filing of the Complaint and the Notice of Removal, each individual provided information to JRE Financial that they had moved and

---

[2] Plaintiff's class definition contains further parameters which require resolution of the issue of what state's (Missouri or Illinois) law applies to JRE Financial's operations.

established citizenship in a state other than Missouri, Illinois or Florida - namely Tennessee, Oklahoma and Washington. *See* Notice of Removal [Doc 1], ¶ 8.

At the time of removal, JRE Financial "did not need to explain why [it] believed class members were citizens outside" of the states at issue. *Roberson v. Maestro Consulting Servs. LLC*, 507 F. Supp. 3d 998, 1011, FN 3 (S.D. Ill. 2020). Alleging the jurisdictional facts on "information and belief" was sufficient. *Dancel*, 940 F.3d at 385 (noting that the defendant could have alleged "even if only 'on information and belief' that a specific member of the putative class had 'a particular state of citizenship'). As explained by Judge Rosenstangel in *Roberson*, "defendant's allegations of citizenship may be based solely on information and belief." *Id.* In *Roberson*, the removing party pled that discovery had revealed that members of the putative class had last known addresses outside of Illinois and alleged that on information and belief one putative class member had a non-Illinois address and was thus, diverse from the Illinois defendant. *Id.*, 507 F. Supp. 3d at 1011.

Like the defendant in *Roberson*, JRE Financial pled that a putative class member had a different state of citizenship. JRE Financial noted that Plaintiff's class definition encompassed "all persons" and not just persons from a certain state. JRE Financial's records identified three individuals who provided updated information to JRE Financial showing their citizenship in different states. *See* Notice of Removal [Doc. 1], ¶ 8. *See also* Exhibit 1.[3] JRE met its pleading obligations for a Notice of Removal under the Federal Rules of Civil Procedure.

In this case, at the time filing, at the time of removal, and now jurisdiction under CAFA is proper. JRE Financial pled that more than 100 putative class members exist, that more than

---

[3] It appears that one of the individuals, David Peery (D.P.) may have returned to the State of Missouri, despite providing other information regarding his citizenship. That does not change the fact that there is at least one putative class member from a State other than JRE Financial.

$5,000,000 is in controversy, and that at least one putative class member has citizenship in a state different than JRE Financial. *See* Notice of Removal [Doc 1], ¶¶ 6-9. Notably, Plaintiff did not seek to remand on the basis that JRE Financial's statement in Paragraph 8 of its Notice of Removal regarding the citizenship of absent class members was insufficient.

Should the Court believe "evidence" is necessary regarding the citizenship of the absent class members identified in JRE Financial's Notice of Removal, JRE has provided it via the Declaration of Ryan Bartlett. Although an evidentiary submission was not required in the Notice of Removal, JRE Financial seeks leave of court to amend its Notice of Removal to attach Mr. Bartlett's declaration, if necessary. 28 U.S.C. § 1653 (permitting amendment of defective allegations of jurisdiction). *See also Dancel*, 940 F.3d at 384-385 (noting that removal allegations can be amended even at the appellate stage).

**CONCLUSION**

This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act. JRE Financial met the applicable pleading standards set forth by the Seventh Circuit and this District in filing its Notice of Removal. That being said, should the Court desire additional information regarding the individuals identified in JRE Financial's Notice of Removal, JRE Financial has attached hereto the Declaration of Mr. Bartlett and seeks leave of Court to file an Amended Notice of Removal pursuant to 28 U.S.C. § 1653, if necessary.

JRE FINANCIAL, LLC d/b/a
AAA COMMUNITY FINANCE, Defendant


BY: _____/s/ Ann C. Barron_____
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
Ann C. Barron, ARDC #6224429
Brittany P. Warren, ARDC #6325934

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
105 West Vandalia Street
Mark Twain Plaza III, Suite 100
Edwardsville, IL 62025
Telephone 618.656.4646
Facsimile 309.420.0402
PRIMARY E-MAIL: edwecf@heylroyster.com
SECONDARY E-MAIL #1: abarron@heylroyster.com
SECONDARY E-MAIL #2: bwarren@heylroyster.com


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this **11**th day of **August, 2021**, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and served to the following individuals via electronic service to the e-mail address of record designated by these individuals.

Kevin P. Green
Mark C. Goldenberg
Thomas P. Rosenfeld
Zachary T. Shelton
Goldenberg, Heller & Antognoli, P.C.
2227 S. State Route 157
Edwardsville, IL 62025
kevin@ghalaw.com
mark@ghalaw.com
tom@ghalaw.com
zachary@ghalaw.com
*Attorneys for Plaintiff*


_____/s/ Ann C. Barron_____